### E. G. DAVIS v. JOHN P. R. STONE.

Where the amount pleaded in compensation is less than what would be due under the contract as stated by the defendant to have existed, the plea does not admit the whole claim of plaintiff.

APPEAL from the District Court of the Parish of Iberville, *Robertson*, J., *Talbott*, for plaintiff and appellant. *Edwards & Barrow*, for defendant.

OGDEN, J. The plaintiff alleges, he was employed by the defendant as overseer on his plantation for the year 1852, at a salary of $800, and that having been discharged on the 1st of September, without cause, he is entitled to the full amount of his salary for the year. The defendant pleaded a general denial, but admitted in his answer, that he had employed the plaintiff by the month, at the rate of $800 per year, with the understanding that he should have the the right of discharging him at any time he might think proper. He further avers, that he was justified in discharging the plaintiff, in consequence of his bad management and neglect, by which he, defendant, sustained damages to the amount of $300, by the loss of two mules; and this amount, together with $150 for provisions and money alleged to have been furnished to plaintiff's family, he plead in compensation.

The plaintiff offered no evidence of the contract, but relies on the plea of compensation being considered a waiver of the general issue.

As the amount pleaded in compensation is less than what would be due under the contract, as stated by the defendant to have existed, and as the admission cannot be extended, the plaintiff was bound to prove a contract by the year, in order to entitle him to recover the full salary. There being no such proof, it is unnecessary to determine whether the cause assigned by the defendant for discharging him was sufficient.

The judgment of the court below, which was in favor of the plaintiff for his services up to the 1st of September, is correct; and is therefore affirmed at the costs of the appellant.